IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTRELL TEEN, # 461504,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-013-JPG |
| | ) |
| **BRANDY,** | ) |
| **BARBARA,** | ) |
| **DEBORAH,** | ) |
| **and ROBIN,** | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff is a pretrial detainee, confined at the St. Clair County Jail ("the Jail"). He originally brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on June 5, 2017, and it was filed as *Teen v. St. Clair Cnty. Jail, et al.*, Case No. 17-cv-594-JPG-SCW. Based on Plaintiff's original Complaint, several claims were severed from that case into 3 new actions pursuant to *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and the claims remaining in the original case were dismissed with leave to amend.

On January 3, 2018, based on Plaintiff's First Amended Complaint (Doc. 2 in the instant action), the Court severed Plaintiff's claim for deliberate indifference to his dental condition (labeled as Count 2) into this action. (Doc. 1). Count 2 is outlined as follows:

> **Count 2:** Deliberate indifference to medical needs claim against Brandy, Barbara, Deborah, and Robin for failing to provide adequate dental care to Plaintiff after he repeatedly complained of dental issues.

(Doc. 1, p. 8). This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. For clarity, the original designation of this claim as Count 2

shall be retained in this case.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of Plaintiff's claims survive threshold review under § 1915A.

**The Complaint (Doc. 2)**

As relevant to Count 2 above, Plaintiff alleges in the Complaint that during his initial medical screening, he informed the intake nurse Brandy about his "oral needs, severe pain, infection, inability to eat on either side of [his] mouth, [and] needing a soft diet." (Doc. 2, p. 7). Plaintiff's "medical needs for dental help went unattended from December 2015 until [they] were] finally treated December 2016." *Id.* During that year, Plaintiff experienced agonizing pain. *Id.* Plaintiff sent sick call requests for help to Brandy, Barbara, and others (whom he does not identify). He also submitted sick call requests on the kiosk located on the cellblock. *Id.* He believes Nurses Deborah and Robin view sick call requests and are supposed to book appointments so inmates can receive help. *Id.* Plaintiff submitted over 20 sick call requests but did not see a dentist for a year because the nurses responsible for setting appointments disregarded his requests. *Id.* "This custom of disregarding the complaints of inmates causes deprivation to medical needs." *Id.*

Plaintiff seeks monetary damages. (Doc. 2, p. 10).

**Discussion**

Based on these allegations, Count 2 shall proceed for further consideration against some of the Defendants.

**Count 2 – Deliberate Indifference to Serious Medical Needs**

A pretrial detainee's claim for deliberate indifference to a medical condition is considered under the Due Process Clause of the Fourteenth Amendment. *See Kingsley v. Hendrickson*, __U.S.__, 135 S. Ct. 2466, 2472 (2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013).

Detainees are entitled to at least the same protection against deliberate indifference as convicted inmates have under the Eighth Amendment, and the Seventh Circuit has historically applied the same standards to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *See Smith v. Dart*, 803 F.3d 304, 309-10 (7th Cir. 2015); *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008); *Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir. 2005).

To state a claim for deliberate indifference to medical needs, a detainee must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson*, 300 F.3d at 764-65.

A medical need is "serious" for deliberate indifference purposes where it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). The Seventh Circuit has recognized that dental care is "one of the most important medical needs of inmates." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001). *See also Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) ("Tooth decay can constitute an objectively serious medical condition because of pain and the risk of infection."); Furthermore, allegations that an inmate denied his dentures could not chew his food, making

4

eating difficult, and that he suffered bleeding, headaches, and disfigurement, state a serious medical need. *Wynn*, 251 F.3d at 593.

Based on Plaintiff's complaints of severe persistent pain and infection, which affected both sides of his mouth when he tried to eat, he has sufficiently alleged that he suffered from a serious dental condition. The remaining question is whether the Defendant Nurses acted or failed to act with deliberate indifference to a known risk of serious harm.

According to Plaintiff, Brandy (the intake nurse) performed his initial screening when he entered the Jail in December 2015. He told her about his dental pain and his need for a soft diet. He followed up this personal encounter by sending sick call requests to Brandy. However, Brandy did not schedule him for dental care in response to those requests. Similarly, Plaintiff states that he submitted sick call requests to Barbara (another nurse), to no avail. He did not receive any dental treatment until December 2016, a year after his initial request. Plaintiff's personal contact and written requests directed to Brandy and Barbara appear to have informed them both about the seriousness of his condition, yet they took no timely action to arrange dental care for him. Based on these factual allegations, Plaintiff may proceed with his deliberate indifference claim against Nurses Brandy and Barbara.

Turning to Nurses Deborah and Robin, Plaintiff does not describe any direct contact or communication with them that would confirm their knowledge of his serious dental needs. He alleges that he submitted "over 20" sick call requests seeking a dental appointment, and indicates that some of those were submitted through the "kiosk" in his cellblock. Plaintiff states that "on information and belief," Deborah and Robin view the sick call requests and are responsible for booking appointments, but he does not indicate the factual basis for his belief. These allegations do not establish that Deborah or Robin were made aware of Plaintiff's symptoms or the

5

seriousness of his condition, which is a necessary component of a claim for deliberate indifference to a medical/dental need. The failure to follow through on requests for a dental appointment suggests negligence, but would not rise to the level of a constitutional violation unless a defendant knew that the inmate faced a serious risk of harm from the condition yet did nothing. Plaintiff's factual allegations fall short of that mark as to Deborah and Robin. They shall therefore be dismissed from Count 2 without prejudice at this time.

**Count 2** shall proceed only against Brandy and Barbara.

## Disposition

Defendants **DEBORAH** and **ROBIN** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendants **BRANDY** and **BARBARA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 27, 2018**

s/J. Phil Gilbert  
United States District Judge