IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ANTRELL TEEN, #461504, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-00013-JPG |
| | ) |
| BARBARA and BRANDY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of a Motion for Summary Judgment (Doc. 45) and Motion to Strike Response/Sur-Reply (Doc. 54) filed by Defendants Barbara Rodriguez and Brandy Nichols.[1] For the reasons set forth below, Defendants' Motion to Strike shall be **GRANTED**, and the Motion for Summary Judgment shall be **DENIED**.

### PROCEDURAL HISTORY

This case was opened on January 4, 2018, when a single claim was severed from a civil rights action filed by Plaintiff Antrell Teen (Inmate No. 461504) pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights at St. Clair County Jail.[2] *See Teen v. St. Clair County Jail*, No. 17-cv-00594-JPG (S.D. Ill. 2017). Relevant to this case, Teen claims that two members of the Jail's nursing staff, Barbara Rodriguez and Brandy Nichols, deliberately disregarded his need for dental care between December 2015 and November 2016. (Doc. 2; Doc. 46-1, p. 6). Following threshold review of this matter under 28 U.S.C. § 1915A, Teen was allowed to proceed with the

---

[1] To date, these individuals have been identified in CM/ECF by their first names only. The Clerk of Court shall be directed to substitute Barbara Rodriguez in place of "Barbara" and Brandy Nichols in place of "Brandy" as defendants in CM/ECF.
[2] Teen is now housed at Menard Correctional Center.

dental claim in his Amended Complaint (Doc. 2) against both nurses under the Fourteenth Amendment Due Process Clause. (Doc. 6).

On June 19, 2018, Defendants filed a Motion for Summary Judgment seeking dismissal of the claim against them based on Teen's failure to exhaust his administrative remedies before filing suit. (Doc. 21). This Court denied the motion. (Doc. 42).

Defendants then filed a Motion for Summary Judgment on the merits of Teen's claims on June 3, 2019. (Doc. 46). Relying primarily on Teen's deposition testimony (Doc. 46-1) and medical records (Doc. 46-2), Defendants argue that the undisputed facts support no deliberate indifference claim against them. (*Id*.). Teen filed a Response (Doc. 48) in opposition to the motion on June 19, 2019, and Defendants filed a Reply with permission of the Court on June 28, 2019. (Doc. 52). Teen filed a sur-reply (Doc. 53) on July 5, 2019, in violation of Local Rule 7.1(c). ("Under no circumstances will sur-reply briefs be accepted."). The Court has considered all summary judgment filings, except Plaintiff's sur-reply which shall be stricken for noncompliance with the local rule.

### FINDINGS OF FACT

**A.    The Parties**

Plaintiff Antrell Teen was a pretrial detainee at St. Clair County Jail ("Jail") during the events giving rise to this action. (Doc. 2, p. 1; Doc. 46-2, p. 9).

Defendant Barbara Rodriguez is a licensed practical nurse who was employed to work at the Jail in that capacity at all relevant times. (Doc. 1; Doc. 2, p. 2).

Defendant Brandy Nichols is a nurse who was also employed to work at the Jail at all relevant times. (*Id*.).

**B.     Plaintiff's Dental Care**

Teen claims that he was denied treatment for dental pain and infection associated with his wisdom teeth during his pretrial detention at St. Clair County Jail between December 2015 and November 2016. (Docs. 2, 46-1). He began suffering from a toothache soon after arriving at the Jail in December 2015. (Doc. 46-1, p. 4). He first reported dental pain to a nurse who completed his intake health screening[3] and who also noted swollen gums on December 23, 2015. (Doc. 46-1, p. 4; Doc. 46-2, p. 22).

Teen asked to see a dentist in December 2015, but he was not referred to see one for almost a year. (Doc. 46-1, pp. 10, 12-13). In a Health Services Request Form dated March 22, 2016, Teen complained of facial pain and an "exposed nerve in [his] tooth," and he requested a tooth extraction. (Doc. 46-2, p. 14). Rodriguez noted that Teen was already placed on the nurse sick call list. (*Id.*). Two days later, Dr. Larson evaluated Teen at a medical appointment and prescribed Tylenol for pain and Amoxicillin for infection. (Doc. 46-1, p. 17; Doc. 46-2, p. 14). When Teen reported that the medication provided him with temporary relief, he was given more Tylenol but not referred to a dentist for treatment. (Doc. 46-1, pp. 17, 27, 32; Doc. 46-2, p. 13). The medicine relieved his pain until May 2016. (Doc. 46-1, pp. 27, 30).

On June 5, 2016 and June 11, 2016, Teen submitted electronic Requests for a "chipped broken/tooth" and "toothache," and he was again placed on the nurse sick call line. (Doc. 46-2, pp. 9-12). On June 30, 2016, he submitted another Request complaining of "level 9 pain, [a] toothache," and difficulty eating, and he was scheduled for an appointment on July 2, 2016. (Doc. 46-2, p. 8). On August 4, 2016, Teen submitted still another request for treatment because his "teeth hurt." (Doc. 46-2, p. 7). On August 14, 2016 and again on September 13, 2016, he was

---

[3] Nurse J. Schultze conducted Plaintiff's intake health screening on December 26, 2015, eight days after his arrival at the Jail. (Doc. 46-1, p. 9:13-17 and p. 10:2-5; Doc. 46-2, pp. 16-28).

prescribed more Tylenol for pain and more Amoxicillin for infection as noted by Nichols. (Doc. 46-2, pp. 1, 8, 13).

A Wexford physician referred Teen for "x-rays and extractions as needed" with an outside dentist on October 26, 2016. (Doc. 46-2, pp. 6, 20). The referral request was approved the following day, but Teen was not seen by a dentist until November 29, 2016. (Doc. 46-1, p. 18; Doc. 46-2, pp. 6, 18). In the meantime, Jail medical staff prescribed him more Tylenol for pain and Amoxicillin for infection on November 7, 2016. (Doc. 46-2, pp. 1-2). When he was finally seen at Familia Dental on November 29, 2016, Teen's teeth were x-rayed and three wisdom teeth were extracted. (Doc. 46-1, p. 18:5-10; Doc. 46-2, p. 18). A fourth tooth was scheduled for extraction at a later date. (Doc. 46-1, pp. 18-19). This treatment ultimately resolved Teen's dental pain and infection. (Doc. 46-1, pp. 18, 43).

During the relevant time period, Rodriguez and Nichols handed out medications every twelve hours during their scheduled shifts and processed sick call requests. (Doc. 46-1, pp. 19-20, and 25). Teen regularly told both nurses about his complaints, and he frequently handed them requests for dental treatment. (Doc. 46-1, pp. 19-20, 39-40). He also asked them about the delay in treatment with a dentist. (*Id*.). Despite his numerous requests, Teen "never received any treatment or help" from them. (Doc. 46, ¶ 30; Doc. 46-1, p. 8; Doc. 48, p. 11).

## LEGAL STANDARDS

Summary judgment is appropriate only if the moving party can show "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celetex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the burden of establishing that no material facts are genuinely disputed. *Lawrence v. Kenosha Cty.*, 391 F.3d

837, 841 (7th Cir. 2004). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Id*.

When presented with a motion for summary judgment, the Court does not decide the truth of the matters presented, and it cannot "choose between competing inferences or balance the relative weight of conflicting evidence." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hansen v. Fincantieri Marine Grp., LLC,* 763 F.3d 832, 836 (7th Cir. 2014) (citations omitted); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir 1994). The Court must instead "view all the evidence in the record in the light most favorable to the non-moving party and resolve all factual disputes in favor of the non-moving party." *Hansen*, 763 F.3d at 836. If the "evidence is such that a reasonable jury could return a verdict for the nonmoving party[,]" then a genuine dispute of material fact exists. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016).

## DISCUSSION

Teen's claim arose during his pretrial detention at the Jail and is governed by the Fourteenth Amendment. *See Miranda v. County of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018); *Kingsley v. Hendrickson*, -- U.S. --, 135 S.Ct. 2466, 2472 (2015). Under the Fourteenth Amendment Due Process Clause, a pretrial detainee is entitled to *at least as much* protection against deliberate indifference of officials as a convicted person. *Id*. The Seventh Circuit Court of Appeals recently clarified that the standard of objective reasonableness, and not deliberate indifference, governs medical claims of pretrial detainees. *Bridges v. Dart*, 950 F.3d 476, 478-79 at n.2 (7th Cir. 2020). A detainee bringing a medical claim under the due process clause must demonstrate that the defendant acted purposefully, knowingly, or recklessly and must also show that the defendant's conduct was objectively unreasonable. *Id*. (citing *McCann v. Ogle County, Ill.*, 909 F.3d 881, 886 (7th Cir. 2018); *Miranda v. County of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018)).

5

Teen's claim against Rodriguez and Nichols survives summary judgment under this standard. A jury could conclude that both nurses failed to meet their constitutional obligation to Teen by acting knowingly, recklessly, and unreasonably in response to his dental complaints. Teen's medical records reveal that he entered the Jail with dental problems that included broken teeth and fillings, hot/cold sensitivity, and pain in December 2015. (Doc. 48, p. 13). He was not referred to a dentist for extraction of four teeth until almost a year later. (*Id*.). Between December 2015 and November 2016, Teen testified that Rodriguez and Nichols dispensed antibiotics and pain medication to him regularly during their shifts. (Doc. 48, p. 13). He made verbal complaints to them about the ineffectiveness of his treatment, his ongoing dental pain, and delays in a dental referral. (Doc. 46-1, pp. 19-20, 25, 39-40). He experienced obvious signs of dental problems, including facial swelling. (*Id*.). At the same time, the two nurses also accepted sick call slips from him, in which he complained of ongoing pain and infection associated with three chipped or broken teeth (Doc. 48, pp. 13-14, 16, 18), an exposed nerve (Doc. 48, pp. 14, 19), "level 9 pain" (Doc. 48, pp. 19-20), facial swelling (Doc. 48, p. 19), and excessive delays in treatment (Doc. 48, pp. 19, 21-22, 24). (*See also* Doc. 46-2, pp. 2, 4, 14). Teen complained that his pain medication was ineffective beginning May 2016, and he complained of an inordinate delay in a dental referral. (Doc. 46-1, pp. 19-20, 25, 39-40).

Whether Rodriguez or Nichols responded reasonably to these ongoing complaints presents a genuine issue of material fact that precludes summary judgment. Time and again, both defendants deferred to the judgment of other medical providers. They did so, despite Teen's complaints of unrelenting and increasing dental pain. They did so knowing that Teen was receiving antibiotics for an unresolved dental infection. For eleven months, Plaintiff complained that his treatment was ineffective, and he requested a referral to a dentist. Under the circumstances,

a jury could find that both nurses failed to act in the face of an unjustifiably high risk of obvious harm to Teen and did so unreasonably.

A jury could also find that the little treatment Plaintiff received was clearly inappropriate. Both nurses continued to administer Tylenol and antibiotics to Plaintiff, even after he complained that they were ineffective in May 2016. The nurses deferred to the judgment of another medical provider. However, such deference by medical personnel in the face of obviously ineffective treatment is not acceptable. "Even personnel who are not doctors are not permitted to simply ignore a detainee's plight, . . . nor can they deliberately obstruct or delay a patient from receiving necessary treatment." *See Smego v. Mitchell*, 723 F.3d 752 (7th Cir. 2013) (citations omitted).

At this stage, the Court must accept Plaintiff's testimony as true, and doing so precludes summary judgment. Defendants' Motion for Summary Judgment shall be denied.

## DISPOSITION

The Clerk of Court is **DIRECTED** to **SUBSTITUTE** Defendant **BARBARA RODRIGUEZ** in place of "Barbara" and **BRANDY NICHOLS** in place of "Brandy" as defendants in CM/ECF.

**IT IS HEREBY ORDERED** that, for the reasons set forth above, Defendants' Motion to Strike Response/Sur-reply (Doc. 54) is **GRANTED**, and Defendants' Motion for Summary Judgment (Doc. 45) is **DENIED**.

**IT IS SO ORDERED**.

**DATED: 3/30/2020**                              s/J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **United States District Judge**